IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

03 MAR 31 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN PAUL DAVID PUCKETT,         )
                                 )
        Petitioner,              )
                                 )
vs.                              )   Case No. CV 99-B-3458-NE
                                 )
TERRANCE MCDONNELL, Warden,      )
and the ATTORNEY GENERAL         )
OF THE STATE OF ALABAMA,         )   **ENTERED**
                                 )
        Respondents.             )   MAR 31 2003

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation in this action on October 30, 2002, recommending that the petition for writ of *habeas corpus* be denied. Although the respondents filed objections to the report and recommendation on November 6, 2002, the petitioner sought and granted an extension of time in which to file his objections. He filed objections on December 4, 2002. Having now carefully reviewed and considered *de novo* all materials in the file, including the report and recommendation and the objections to it, the court finds that both petitioner's and respondents' objections are due to be overruled, the report adopted, and the recommendation accepted.

In addition to rearguing his Sixth Amendment cross-examination claim, petitioner's objections seem to attempt to raise new claims not previously presented to the magistrate judge. For example, he now contends that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney failed to call certain alibi witnesses. This

24

claim was not pled in the original petition; the respondents have not had an opportunity to respond to it and the magistrate judge has not considered it. These newly added claims are not properly before the court and cannot serve as a basis for objection to the report and recommendation. The court also agrees with the magistrate judge's conclusion that any violation of Davis v. Alaska, 415 U.S. 308 (1974), that may have occurred was harmless and that the same conclusion reached by the Alabama Court of Criminal Appeals was not objectively unreasonable. 28 U.S.C. § 2254(d). All of petitioner's objections are due to be overruled.

The respondents have raised three objections to the report and recommendation. First, they contend that the claims asserted by petitioner are procedurally defaulted under O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), because he did not assert them in the **petition** for writ of *certiorari*, as distinct from the **brief** accompanying it. The court agrees with the magistrate judge that petitioner adequately presented these claims to the Alabama Supreme Court for purposes of satisfying the exhaustion requirement so that they are not procedurally defaulted on that ground. See Respondents' Exhibit H.

Next, respondents contend that petitioner's claims raise only state-law issues, not issues of federal law for purposes of *habeas* relief. In short, they contend that the trial court precluded defense counsel from cross-examining the state's juvenile witness with respect to his juvenile record, not on the basis of the confidentiality of juvenile records under Alabama law, but simply because it was not relevant. This contention is belied by the Alabama Court

of Criminal Appeals' extensive discussion of Davis v. Alaska, 415 U.S. 308 (1974), and that court's attempt to distinguish Davis. Clearly, that court understood, even if respondents do not, that the issue raised by petitioner was whether his constitutional right of confrontation was infringed by the preclusion of cross-examination on the relevant topic of the witness's potential bias.

Finally, respondents assert that petitioner's claims are time-barred under 28 U.S.C. § 2244(d). They contend principally that because petitioner failed to raise any issue for *certiorari* review by the Alabama Supreme Court, he could not have sought *certiorari* from the United States Supreme Court. Thus, they argue the one-year window for seeking habeas relief was triggered *before* the expiration of ninety days in which petitioner could have petitioned for *certiorari* review at the United States Supreme Court.

Respondents' citation of Carey v. Saffold, ___ U.S. ___, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), is misplaced. That case involved an entirely different question concerned with the tolling of the one-year limitation during the pendency of state collateral petitions, not the date on which the running of the limitation is first triggered. Carey dealt with whether California's unique way of reviewing *post-conviction, collateral* petitions was sufficient to toll the limitation under 28 U.S.C. § 2244(d)(2) and whether a *collateral* petition was "pending" for tolling purposes. The instant case deals with the entirely different question of when petitioner's conviction became "final" for the purpose of triggering the running of the time limitation under § 2244(d)(1). The law is now settled that the running of the time

3

limitation is triggered when the conviction becomes "final," which is either when the Supreme Court disposes of a *certiorari* petition or the time for seeking *certiorari* expires. Bond v. Moore, 309 F.3d 770 (11th Cir.2002); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002); Jackson v. Secretary for Department of Corrections, 292 F.3d 1347 (11th Cir. 2002); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000), cert. denied, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001). Thus, even if a criminal defendant never files a *certiorari* petition with the United States Supreme Court, his conviction does not become final and the one-year § 2244(d)(1) limitation does not begin to run until the ninety-day window for seeking *certiorari* lapses. The magistrate judge correctly concluded that the petition in this case is not time-barred.

By separate order, the court will overrule the objections, adopt and accept the report and recommendation, and deny the *habeas* petition.

DONE this ___31st___ day of March, 2003.


_____Sharon Lovelace Blackburn_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE